UNITED STATES of America,
Plaintiff–Appellee,

v.

Evaristo B. FONTANILLA,
Defendant–Appellant.

No. 87–1143.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1988.

Decided June 29, 1988.

Yvonne E. Chotzen, First Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before BROWNING, Chief Judge, and ALARCON and NORRIS, Circuit Judges.

PER CURIAM:

Appellant appeals his conviction on the grounds that he was not brought to trial within the time limits established by the Speedy Trial Act. He also challenges the imposition of consecutive sentences for his conviction on two counts of using a firearm during a crime of violence. We affirm.

I

On July 23, 1986, while aboard a bus on his way to work at the Pearl Harbor Naval Shipyard, appellant shot and killed Alfonso Chamizo, and shot and wounded Clarence Honda. Appellant was then shot by himself and by police who responded to the scene. Appellant was indicted on August 14, 1986 on one count for murder, two counts of assault, and three counts of using a firearm during a crime of violence.

Following a bench trial, appellant was found guilty on two substantive counts, and on two related counts for using a firearm during a crime of violence. The court sentenced appellant to ten years on Count One, five years of probation on Count Three, and two consecutive five-year terms on the firearms counts. Appellant timely appeals.

## II

■ The Speedy Trial Act mandates dismissal of an indictment if more than seventy days of unexcluded time elapses between the defendant's first appearance or indictment, whichever occurs later, and the commencement of the trial. 18 U.S.C. § 3161(c)(1).

The parties disagree over when the Speedy Trial clock began. For the purposes of this appeal, we accept appellant's starting date, which leaves 96 days of undisputed unexcluded time between the first appearance and trial. To come within the Speedy Trial Act limitations, we must find another 26 days of time was properly excluded.

■ We conclude, as did the district court, that 45 days beginning from the date appellant was physically fit for trial were properly excluded to conduct a competency examination. The statute specifically provides for 45 days of excluded time to conduct such an examination. *See* 18 U.S.C. § 3161(h)(1)(A); 18 U.S.C. § 4247(b). Contrary to his position on appeal, appellant agreed below the 45–day period would not begin until appellant was physically stabilized. *See* Reporter's Transcript 8/29/86, p. 6. With the 45–day period excluded, the appellant was brought to trial within the required time.

## III

■ Appellant also challenges the imposition of consecutive sentences for the firearms counts. Appellant was convicted on one count for murdering Alfonso Chamizo, and on another for assaulting Clarence Honda. The court also found appellant guilty on two separate counts under 18 U.S.C. § 924(c)(1) for using a firearm during a crime of violence, and imposed separate and consecutive five-year sentences for each violation according to the statute's mandate. Appellant contends the statute does not require that the two section 924 sentences be imposed consecutively.

18 U.S.C. § 924(c)(1) reads:

Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.

The plain language of the statute requires the court's interpretation. The statute specifically states a section 924 sentence cannot run concurrently "with any other term of imprisonment" without exception. Nothing in the statute, or its legislative history, indicates one section 924 sentence can be made to run concurrently with another section 924 sentence.

Appellant contends, however, that when Congress said a section 924 sentence cannot "run concurrently with any other term of imprisonment" it really meant any other "non-section 924" sentence. Again neither the statute nor its legislative history suggests multiple section 924 sentences were exempted from the statute's prohibition against consecutive sentences. Absent a clear indication of legislative intent, we cannot read such an exception into the statute.

Finally, appellant raises a number of policy arguments, including claims that requiring consecutive section 924 sentences can produce anomalous results and will provide no additional deterrence. These arguments cannot defeat the plain language of the statute.

■ Since the section 924 sentences are linked to the underlying offenses, the real question is whether the court properly found appellant guilty of two separate counts of violating section 924(c). *See*

*United States v. Chalan*, 812 F.2d 1302, 1315–17 (10th Cir.1987). Because the murder and assault were properly charged as separate crimes, it was permissible to charge appellant with a separate firearm charge for each crime. AFFIRMED.