**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ira Wayne PRIVETTE, Defendant–
Appellant.**

**No. 90–7052.**

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1991.

Rehearing Denied Dec. 12, 1991.

Joe C. Lockhart, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before WISDOM, HIGGINBOTHAM and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellant Ira Wayne Privette appeals from his conviction of one conspiracy count, one count of possession of amphetamines with intent to distribute and two counts of using a firearm during the commission of a drug trafficking crime. Privette makes two arguments on appeal. First, he challenges the admission of evidence obtained in a search of his warehouse, alleging that the affidavit used to obtain the search warrant contained false or misleading statements. Because the affidavit supports a finding of probable cause when read without the challenged statements, the trial court did not err in denying Privette's motion to suppress. Second, Privette challenges his conviction and sentence for the two firearms counts because the indictment charges that both counts were committed during the same drug trafficking crime. Because we agree that the indictment did not sufficiently link each firearms count to a separate drug trafficking offense, we vacate the conviction and sentence on one of them.

I

On March 8, 1988, Fort Worth Police officers arrested Charles Apodaca at his home on a complaint that he had assaulted a postal employee who had maced his dog. During the arrest, Officer Fitch noticed that Apodaca had a strong odor normally associated with amphetamine manufacture. Apodaca told the officers he had just produced 14 pounds of amphetamines as part of an agreement with Wayne Privette. Apodaca told the police that Privette lived

Danny D. Burns, Ft. Worth, Tex. (Court-appointed), for defendant-appellant.

and dealt with drugs in a local warehouse. He gave them the address and a detailed description of the warehouse.

The officers set up surveillance at the warehouse that afternoon. Further police investigation corroborated Apodaca's statements. A computer check of a vehicle at the scene indicated that it was registered to Privette. The leasing office told police that the warehouse was leased to Privette. The officers then obtained and executed a search warrant at the warehouse. They found Privette along with some drugs, weapons, a set of scales, and a large amount of currency. These items were later admitted against Privette at trial.

Privette was convicted of one count of conspiracy to manufacture amphetamine and to distribute and possess with intent to distribute amphetamine, one count of possession of amphetamine with intent to distribute and two counts of using firearms during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). He was sentenced to 210 months imprisonment on the two drug trafficking crimes, to run concurrently. On the firearms counts, he was sentenced to 120 months on one and 60 months on the other to run consecutive to each other and consecutive to the sentence for the drug trafficking crimes.

## II

Privette challenges the search of his warehouse on the basis that the affidavit used to obtain the warrant contained false or misleading statements. Privette points to two statements in the affidavit which are allegedly false: that Apodaca had previously used amphetamines and that the affiant had previously arrested Apodaca for possession of amphetamine. His argument fails because even when the statements he challenges are excised, the affidavit contains facts sufficient to establish probable cause.

Even if the defendant makes a showing of deliberate falsity or reckless disregard for the truth by law enforcement officers, he is not constitutionally entitled to a hearing "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684–85, 57 L.Ed.2d 667 (1978).

We evaluate probable cause under a totality-of-the-circumstances test, rather than any rigid set of criteria. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). Probable cause existed here without any of the challenged material. The affidavit asserted that:

1) The informant had been in the warehouse within the past 24 hours and observed Privette in possession of a large quantity of white powdery substance, which Privette represented as amphetamine;

2) The informant said that Privette was in possession of a large amount of chemicals and glassware used in the manufacture of amphetamine and described them.

3) The informant said that Privette was living in the warehouse and described a trailer sitting in front of the door. He also told them that stolen automobiles could be found at the location.

4) The police officer went to the location following the informant's directions and found it to be as described by the informant.

5) The police officers found a truck parked in front of the warehouse to be an outstanding stolen vehicle;

6) A Camaro parked in front of the warehouse was found to be registered to Privette;

7) The officer checked with the leasing office and confirmed that warehouse was leased to Privette.

Privette argues that without the challenged information the affidavit fails to provide a basis for the magistrate to evaluate the credibility of the informant. We disagree. In *Gates,* the Supreme Court rejected the rigid two-prong test which required that the affidavit demonstrate both the informant's reliability and veracity. The "practical common-sense judgment called for in making a probable cause de-

termination" can be made on the basis of corroboration of the informant's statements by police investigation. *Gates*, 103 S.Ct. at 2335. In *Gates*, an anonymous letter was used to establish probable cause because its details were corroborated by police investigation. Uncertainty about the veracity of an informant can also be compensated for by detail of the statement or internal consistency of the statement and surrounding facts. *United States v. Phillips*, 727 F.2d 392 (5th Cir.1984); *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Here the detail and internal consistency of Apodaca's statements and the corroboration provided by the police investigation gave the magistrate facts sufficient to evaluate Apodaca's credibility.

■ Finally, Privette argues that this court should hold that a showing of deliberate falsehood in an affidavit renders the warrant void whether or not the statements were necessary to the finding of probable cause. Even if we were inclined toward such an approach, it is foreclosed by *Franks*. The district court did not err in admitting the evidence obtained in the search of the warehouse.

## III

The indictment charged Privette with two drug offenses and two firearms offenses. Each firearms count was supported by drug trafficking crimes committed by either Privette or Apodaca as his co-conspirator, as set out in the margin.[1] Each firearms count includes the Count 2

conspiracy as one of its drug trafficking crimes.

■ As the government concedes, use of more than one gun will not support multiple counts under 18 U.S.C. 924(c) for use of a firearm during a single drug trafficking crime. *United States v. Henning*, 906 F.2d 1392, 1399 (10th Cir.1990); *United States v. Henry*, 878 F.2d 937 (6th Cir. 1989); *United States v. Fontanilla*, 849 F.2d 1257 (9th Cir.1988). But see, *United States v. Freisinger*, 937 F.2d 383 (8th Cir.1991) (multiple counts can be based upon number of weapons but sentences must run concurrently).

■ Multiple sentences under § 924(c) must be based upon the number of drug trafficking crimes in which firearms were used. Drug trafficking crimes separated by the measure of the double jeopardy clause can each support § 924(c) convictions. *United States v. Chalan*, 812 F.2d 1302 (10th Cir.1987); *United States v. Fontanilla*, 849 F.2d 1257 (9th Cir.1988). A conspiracy and its target crimes are separate offenses for these purposes. *United States v. Guthrie*, 789 F.2d 356, 358 (5th Cir.1986). We agree with the government that Privette's conviction of conspiracy and his conviction of possession with intent to distribute could each support a separate § 924(c) conviction and sentence.

■ The question we must decide here is whether the firearm counts must be linked to a particular drug trafficking offense. We conclude that to avoid violating double jeopardy principles each firearms offense must be sufficiently linked to a separate

---

**1.** The drug offenses which the indictment used in support of the firearms charges are as follows:

Use of a firearm
(Count 9)
1. conspiracy (Count 2)
2. maintaining a place for the manufacture of amphetamines (Count 3)
3. manufacturing amphetamine (Count 4)
4. manufacturing phenylacetone (Count 5)
5. possession with intent to distribute (Count 6)
6. possession with intent to manufacture (Count 7)

Use of a firearm
(Count 11)
1. conspiracy (Count 2)
2. possession with intent to distribute (Count 8)

drug trafficking offense to prevent two convictions under § 924(c) on the same drug offense.

In *United States v. Henry*, 878 F.2d 937, 943 (6th Cir.1989), the government had charged two counts of firearms use and the defendant was convicted of two separate drug trafficking crimes, manufacturing and possessing with intent to distribute. The indictment charged in each count of firearm use that it was "during and in relation to a drug trafficking crime, to-wit, manufacturing and possessing with intent to distribute ..." Although each of the drug trafficking crimes could have supported a § 924(c) conviction, the *Henry* court held that the government must tie each count to a specific drug trafficking crime to avoid possible double punishment.

We face the same problem here as the court faced in *Henry* and come to the same conclusion. We cannot determine whether the jury based both convictions on the use of firearms in the conspiracy. If the jury convicted Privette twice for using firearms during the conspiracy, Privette would be doubly punished for the same crime.

The government would distinguish *Henry* because here the indictment included an additional drug trafficking crime. It is true that in *Henry* the drug trafficking offenses were identical and here they only overlap, but this distinction does not address the double jeopardy problem. The firearm charge must be tied to a specific drug trafficking offense to avoid the possibility that the jury will base two firearms charges on the same drug trafficking crime. The jury is able to do so whether the substantive drug offenses listed in the firearms charges are identical or overlapping.

The necessary linkage between a firearms charge and a drug trafficking offense is best accomplished by clearly identifying in the indictment the drug offense supporting each firearms count. We do not say that the required linkage cannot be supplied by jury instructions or can never be determined by the facts of a case. For example the facts of a case might permit no reasonable conclusions of multiple punishment. The key issue is whether a reviewing court can determine from the jury verdict whether the convictions violate double jeopardy principles.

 The proper remedy for multiplication of punishment is to vacate the sentences on all the counts and remand with instructions that the count elected by the government be dismissed. *United States v. Olivares*, 786 F.2d 659, 664 (5th Cir. 1986). *Id.* The defendant is then to be resentenced.

We AFFIRM the conviction, VACATE the sentences, and REMAND for sentencing upon all counts remaining after dismissing the selected count.