**UNITED STATES of America, Appellant,**

v.

**David Alan CANTERBURY, Appellee.**

No. 92–3809.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1993.

Decided Aug. 30, 1993.

Janet L. Papenthien, Cedar Rapids, IA, argued, for appellant.

Mark C. Meyer, Cedar Rapids, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

David Canterbury is charged with one count of possession of illegal drugs, conspiracy to possess and distribute those drugs, and two counts of using or possessing a firearm in connection with a drug-trafficking crime: violations of 21 U.S.C. § 841(b)(1)(C), 21 U.S.C. § 846, and 18 U.S.C. § 924(c). On the defendant's motion, the District Court—without the benefit of an evidentiary hearing—dismissed one of the firearm-possession charges. The Court held that a single underlying drug offense could not support multiple violations of § 924(c). The government appeals; we reverse and remand.

## I.

The government says that when law-enforcement officers looking for controlled substances searched Canterbury's house, they found a loaded .380-caliber handgun in his bedroom along with a small amount of drugs. They also found a loaded 9-millimeter rifle in another part of the house, again near drugs and drug-trafficking paraphernalia. From these facts, the government derived the separate firearm-possession charges, counts three and four of the indictment. Canterbury moved for dismissal of one of the firearm counts, arguing that § 924(c) contemplates only one violation for each underlying drug-trafficking charge, regardless of how many firearms are involved.

A magistrate judge reviewed the pretrial motions and recommended denial of Canterbury's motion to dismiss as premature. Canterbury then took his argument to the District Court which disagreed with the magistrate and gave the government its choice of which of the two firearm-possession charges to dismiss. The government appeals.

## II.

In *United States v. Freisinger*, 937 F.2d 383, 388–90 (8th Cir.1991), we held that 18 U.S.C. § 924(c)(1) does authorize multiple prosecutions for carrying more than one firearm during the course of one drug-trafficking offense. What distinguishes one offense from another and gives them separate legal identities is the "use" attributed to the firearm: each separate use of a firearm constitutes a separate offense, even where there is only one predicate drug-trafficking crime. *United States v. Lucas*, 932 F.2d 1210, 1223 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 199, 116 L.Ed.2d 159 (1991). For example, in *Lucas*, the District Court found that one of the fourteen firearms in the defendant's home—a pistol—was used to protect the defendant and his family. The machine gun, found in another part of the home, was used to protect a crack cocaine laboratory. The two separate uses of the guns were separate violations of § 924(c)(1).

## III.

What constitutes a separate use of a firearm in relation to a drug-trafficking offense is a question of fact. The government has the burden of proving separate, prohibited uses of a firearm or firearms to support each charge of violating § 924(c). In this case, the government alleges Mr. Canterbury used the pistol for one purpose and the rifle for another, or at least the indictment can be read as alleging separate uses.

Dismissal of one of the firearm-possession charges was premature. As a matter of pleading, the indictment was sufficient to allege two separate offenses. The government should be allowed to put on its proof, and if it can carry its burden, then the charges stand; if it can not, then the usual motions are still available to Mr. Canterbury, such as a motion for directed verdict. Accordingly, the judgment of the District Court is reversed,

and the cause remanded for further proceedings consistent with this opinion.

LAY, Senior Circuit Judge, concurring.

I join the opinion of the majority that dismissal of the indictment was premature because the government had not yet had an opportunity to prove separate use of the firearms involved. I agree a remand is required under *United States v. Lucas,* 932 F.2d 1210, 1223 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 199, 116 L.Ed.2d 159 (1991). I believe this is the narrow basis of our holding.

I do not endorse the broad reasoning used by our panel in *United States v. Freisinger,* 937 F.2d 383, 389–90 (8th Cir.1991), which seems to authorize prosecution for each firearm a defendant possesses during and in relation to a single crime of violence or drug trafficking regardless of whether there is proof of separate use. As the district court pointed out, other circuits have held to the contrary. *See United States v. Lindsay,* 985 F.2d 666, 674–76 (2d Cir.1993) (relying on legislative history to conclude that if the government links multiple firearms to a single crime only one § 924(c)(1) violation occurs), *petition for cert. filed* (U.S. May 5, 1993) (No. 92–8626); *United States v. Moore,* 958 F.2d 310, 312–14 (10th Cir.1992) (a single violation of section 924(c) occurs despite the presence of multiple firearms); *United States v. Hamilton,* 953 F.2d 1344, 1346 (11th Cir.) (use of more than one gun during a single drug trafficking offense will not support multiple counts under section 924(c)), *cert. denied,* —— U.S. ——, 113 S.Ct. 204, 121 L.Ed.2d 145 (1992); *United States v. Privette,* 947 F.2d 1259, 1962 (5th Cir.1991) (use of more than one gun will not support multiple counts under section 924(c) for use of a firearm during a single drug trafficking crime), *cert. denied,* —— U.S. ——, 112 S.Ct. 1279, 117 L.Ed.2d 505 (1992); *United States v. Henning,* 906 F.2d 1392, 1399 (10th Cir. 1990) (where defendant has been convicted of a single drug trafficking offense and more than one firearm was involved, a single viola-

tion of section 924(c)(1) occurs), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991); *United States v. Henry,* 878 F.2d 937, 942–45 (6th Cir.1989) (multiple convictions under section 924(c) not proper merely because more than one gun was used); *United States v. Fontanilla,* 849 F.2d 1257, 1258–59 (9th Cir.1988) (per curiam) (because murder and assault were properly charged as separate crimes, it was permissible to charge appellant with a separate firearm charge for each crime). In fact in the Fifth Circuit case of *Privette,* a case decided after *Freisinger,* the government conceded that use of more than one gun would not support multiple counts under 18 U.S.C. § 924(c) during a single drug trafficking crime. *Privette,* 947 F.2d at 1262.

If the government plans to prosecute Canterbury separately under section 924(c)(1) for each gun as seemingly endorsed by *Freisinger,* and if the defendant is convicted on multiple counts, the convictions should be presented to this court en banc. This court will then decide whether to follow the approach from *Freisinger* or the more logical and common sense approach of the Ninth, Sixth, Tenth, Fifth, Eleventh, and Second Circuits. The direction we decide upon takes on substantial additional significance because of the possibility that a second, simultaneous conviction under § 924(c)(1) will call for an additional, consecutive 20–year sentence. *See Deal v. United States,* —— U.S. ——, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993).[1]

---

1. The government conceded in the district court that under *Freisinger* the defendant could be sentenced for only one § 924(c)(1) violation. In its arguments to this court, however, the government appears to retreat from this position.