UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4597

HONDRE MANDEL WOODS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-97-49)

Submitted: April 30, 1998

Decided: May 27, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anthony J. Vegh, Cleveland, Ohio, for Appellant. Walter C. Holton,
Jr., United States Attorney, Harry L. Hobgood, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Hondre Mandel Woods appeals his conviction and sentence for possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

In September 1996, detectives of the Graham, North Carolina, Police Department conducted surveillance of Woods. As part of this surveillance, detectives collected and examined Woods' trash on three separate occasions. On the first occasion, the detectives found various papers with Woods' name on them and a plastic grocery bag containing one wrapper from a kilogram of cocaine, two empty one-pound boxes of baking soda, a pair of rubber gloves, and an empty box of sandwich bags. The kilogram wrapper tested positive for cocaine. On the second occasion, the detectives did not find anything suspicious. On the third occasion, the detectives found two wrappers from two kilograms of cocaine and various papers bearing Woods' name. Both wrappers tested positive for cocaine.

Following the search of Woods' trash, the detectives attempted to install a video camera in the woods behind Woods' home. While installing the camera, the detectives observed Woods leave his home, retrieve a flashlight from his truck, and enter the woods where the detectives were installing the camera. Woods rummaged in the underbrush, left the woods, and then drove away. After searching the area where Woods was observed, the detectives found two grocery bags containing one-ounce packages of crack cocaine. The detectives obtained an arrest warrant for Woods and a search warrant for Woods' home. That same night, the detectives arrested Woods and, upon searching Woods' home, found several guns, a knife with cocaine residue on it, and a large sum of cash. Upon this evidence, Woods was convicted; he was sentenced to 235 months imprisonment and five years of supervised release.

On appeal, Woods asserts that the sentencing court failed to comply with Fed. R. Crim. P. 32(c)(1), which requires the court to rule on any unresolved objections to the presentence report (PSR). At the sentencing hearing, the court asked Woods if he had any objections

2

to the court's adopting the PSR as its own findings, and Woods' counsel replied that there were no objections. The court then addressed Woods to determine if he wanted to make a statement or present any information in mitigation of the sentence. Woods asked the court about the possibility of applying the safety valve provision pursuant to 18 U.S.C. § 3553(f) (1994). The court urged Woods to talk about anything that he felt would affect his sentence including the safety valve provision. Woods replied that he had nothing to say. Because no objections were raised at sentencing, the court was not required to make additional findings and thus did not violate Fed. R. Crim. P. 32(c)(1).

Woods next asserts that the sentencing court erred by imposing a two-point enhancement under U.S. Sentencing Guidelines Manual, § 2D1.1 (1997) ("USSG"). The enhancement was recommended in the PSR, to which Woods did not object. Absent plain error, appellate review of a sentence is waived when the defendant fails to object to the sentence calculation in the district court. See United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993). Because we find no plain error, we conclude this claim is waived.

Woods next asserts that the district court erred in denying his motion to suppress. Woods claims that the detectives knowingly provided false information in the warrant affidavit when they stated that they saw Woods retrieve an unknown object from the woods. During the suppression hearing, the detectives admitted that they did not see Woods actually remove anything from the area. The district court found no evidence of bad faith.

While warrant affidavits are presumed valid, the affiant may be impeached by a showing of deliberate falsity or reckless disregard for the truth. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Jones, 913 F.2d 174, 176 (4th Cir. 1990). However, the showing of even a deliberate falsehood in a search warrant does not necessarily render the warrant void. See United States v. Privette, 947 F.2d 1259, 1262 (5th Cir. 1991). A warrant will be upheld as valid if the untainted portions of the affidavit supporting the warrant were sufficient to demonstrate probable cause, exclusive of the invalid parts. See Franks, 438 U.S. at 156; United States v. Taylor, 857 F.2d 210, 215 (4th Cir. 1988). Probable cause has been defined

3

as reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute evidence of a crime and will be present at the time and place of the search. See Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Suarez, 906 F.2d 977, 984 (4th Cir. 1990). This court must uphold the trial court's findings of fact unless those findings are clearly erroneous. See Jones, 913 F.2d at 176.

Woods fails to establish that the statement complained of was made knowingly and intentionally and that the statement was essential to a determination of probable cause. See United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). The warrant affidavit included information concerning the seizure of three kilogram wrappers and other suspicious items from Woods' trash, as well as a recitation of Woods' visit to the woods and the subsequent discovery of crack cocaine in that same area. Thus, Woods fails to establish that the arrest and search warrants were not supported by probable cause, and we find that the district court did not err in denying Woods' motion for suppression.

Finally, Woods asserts that he was denied a fair trial because of prosecutorial misconduct. Woods claims that the prosecutor's statement during closing argument about the elements of § 841(a)(1) that the Government needed to prove, prejudiced him because it removed the Government's burden of proof as to one of the elements. Woods also asserts that the prosecutor's remarks concerning the evidence at trial were prejudicial. Because Woods did not object to the statements, this court reviews for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

Reversal based on improper remarks by the prosecutor is merited when the remarks were actually improper and when they prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988). Reading the prosecutor's remarks in context, Woods fails to establish that the prosecutor's remarks were improper or that they denied him a fair trial. The Government did not state to the jury that it did not have to prove all of the elements of the crime beyond a reasonable doubt. Also, the remarks concerning the evidence at trial were

4

fair inferences from the evidence. <u>See United States v. Francisco</u>, 35 F.3d 116, 120 (4th Cir. 1994). Thus, this claim is without merit.

Accordingly, we affirm Woods' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5