IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41318
Conference Calendar

_____

CHARLES R. ZENON,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-404
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Charles R. Zenon, federal inmate # 08072-035, appeals the denial of his 28 U.S.C. § 2241 petition. He argues that he was convicted of a nonexistent offense when he was sentenced twice for the use of a firearm during a single drug trafficking crime. He argues that his only remedy is to bring a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255.

    Zenon has not shown that the district court erred in dismissing his petition as he has not shown that his claim establishes that he may have been convicted of a nonexistent

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); United States v. Privette, 947 F.2d 1259, 1262-63 (5th Cir. 1991).  Therefore, he has not shown that his claim falls within the savings clause of 28 U.S.C. § 2255.  Further, a prior unsuccessful 28 U.S.C. § 2255 motion or the inability to meet the requirements for filing a second or successive 28 U.S.C. § 2255 motion does not make 28 U.S.C. § 2255 inadequate or ineffective.  See Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

AFFIRMED.