United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-50492
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN ROBERT BARTH,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-124-14-HLH
---------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges

PER CURIAM:[*]

Steven Robert Barth appeals his jury-trial conviction and sentence for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana; conspiracy to import 100 kilograms or more marijuana; and using, carrying, and possessing semiautomatic assault rifles in furtherance of a drug-trafficking crime. Barth was sentenced to 241 months in prison.

Barth first argues that the evidence was insufficient to sustain his convictions. A reasonable jury could have found beyond

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a reasonable doubt from the evidence that Barth knew that Arlo Arreola and his associates were smuggling drugs into the United States and distributing them and that he knowingly joined the conspiracies and possessed the assault weapons in furtherance of those drug-trafficking crimes. United States v. Ivey, 949 F.2d 759, 766 (5th Cir. 1991); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; 21 U.S.C. §§ 952 and 960(b)(1); 18 U.S.C. § 924(c).

Barth additionally argues for the first time on appeal that he should be resentenced on his drug-trafficking conspiracy convictions in light of United States v. Booker. This claim fails to meet the plain-error standard because Barth has not shown that the error affected his substantial rights. See United States v. Bringier, 405 F.3d 310, 316 (5th Cir. 2005), petition for cert. filed (Jul. 26, 2005) (No. 05-5535); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).

However, we do find that Barth's argument that his convictions and sentences for carrying a firearm in connection with a drug-trafficking offense are multiplicitous and violate double jeopardy is meritorious. United States v. Privette, 947 F.2d 1259, 1262 (5th Cir. 1991). Accordingly, the case is REMANDED to the district court so that it may vacate one of the firearm convictions and resentence Barth as to the firearm convictions.

AFFIRMED IN PART; VACATED AND REMANDED FOR RESENTENCING.