United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10570
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-177
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Garcia appeals his conviction and the sentence imposed following his guilty plea conviction to possession with intent to distribute 500 grams or more of cocaine and to possession of a firearm in furtherance of a drug trafficking crime. Garcia was sentenced to a term of imprisonment of 267 months on the drug count and to a term of imprisonment of 60 months on the firearm count, the terms to run consecutively.

Garcia argues that the district court erred in denying his motion to suppress evidence seized pursuant to a search warrant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorizing a search of his residence.  He argues that the affidavit supporting the issuance of the warrant was insufficient and that it was so lacking in probable cause, a reasonable officer could not have relied upon it in good faith.

"Where a search warrant is involved, this [c]ourt employs a two-step process for reviewing a district court's denial of a motion to suppress."  United States v. Froman, 355 F.3d 882, 888 (5th Cir. 2004).  The court first determines "whether the good-faith exception to the exclusionary rule applies."  Id. "The good-faith exception . . . provides that evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible . . ., even though the affidavit on which the warrant was based was insufficient to establish probable cause."  United States v. Shugart, 117 F.3d 838, 843 (5th Cir. 1997) (internal quotation marks omitted).  If the exception does not apply, however, this court "proceed[s] to the second step in the analysis and determine[s] whether the magistrate had a substantial basis for finding probable cause."  Froman, 355 F.2d at 88.

The good faith exception does not apply "where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  United States v. Payne, 341 F.3d 393, 399-400 (5th Cir. 2003).  Thus, it does not apply when a search warrant

is supported by no more than a "bare bones" affidavit. United States v. Laury, 985 F.2d 1293, 1311 (5th Cir. 1993).

The affidavit supporting the warrant in the instant case was not a bare bones affidavit. It contained detailed information from two unrelated confidential informants who both admitted that they had bought drugs and weapons from Garcia at his home on Judy Avenue in Fort Worth, Texas. The detailed and incriminating statements remedied any questions about the reliability of the informants. See United States v. Privette, 947 F.2d 1259, 1262 (5th Cir. 1991); Shugart, 117 F.3d at 844. Further, the police investigation corroborated much of the evidence provided by the confidential informants. Shugart, 117 F.3d at 844.

The affidavit was sufficient "to allow the conclusion that a fair probability existed that seizable evidence would be found" at Garcia's residence. United States v. Cisneros, 112 F.3d 1272, 1279 (5th Cir. 1997)(internal quotation and citation omitted). Therefore, the officers' reliance on the warrant was objectively reasonable, and the good faith exception was applicable. The district court did not err in denying the motion to suppress.

Garcia argues that the sentence imposed at the top of the guideline range is unreasonable because he was categorized as a career offender as the result of a 1996 conviction for possession of .2 grams of cocaine, which resulted in the revocation of his deferred adjudication probation for a murder offense. Garcia objects to this court's use of the presumptively reasonable

standard when the sentence imposed is within the appropriate guidelines range, and he points out that the Supreme Court has granted certiorari to determine the validity of such standard in Rita v. United States, 127 S. Ct. 551 (2006).

We review the sentence for reasonableness. United States v. Booker, 543 U.S. 220, 261-62 (2005). Garcia identifies no error in the guidelines computation, and the district court appropriately considered "the nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). We therefore give great deference to the sentence imposed. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Given Garcia's extensive criminal history, the seriousness of his instant offenses, and the great deference due to the sentencing judge's discretion, the sentence imposed is not unreasonable.

AFFIRMED.