# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50488
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PABLO ARISPE, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-381-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pablo Arispe, Jr., pleaded guilty to one count of possession with intent to distribute less than 500 grams of cocaine within 1000 feet of a school. Arispe challenges the district court's denial of his request for hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). He also challenges the denial of his motion to suppress evidence seized pursuant to a warrant during the search of his residence and inculpatory statements made subsequent to the search.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The affidavit in support of the search warrant was signed by Deputy Nathan Johnson and was based on the sworn statement of Wanda Williams. Arispe argues that he was entitled to a hearing under *Franks* because Deputy Johnson intentionally and/or recklessly omitted information concerning Williams's custodial status and her criminal history. Arispe also argues that Deputy Johnson omitted the fact that Williams was engaging in criminal behavior when she gathered the information that was used in the affidavit to obtain the warrant. Arispe contends that by omitting this information, Deputy Johnson intentionally misled the magistrate to issue a warrant based on Williams's status as an innocent crime victim and/or citizen-informant. Arispe asserts that there was no corroboration of the information in the affidavit and when the omitted information is considered, the remaining information in the affidavit was insufficient to establish probable cause for the warrant.

Arispe was required to make a "substantial preliminary showing" that: (1) the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the warrant affidavit and (2) the remaining portion of the affidavit is insufficient to support a finding of probable cause. *See Franks*, 438 U.S. at 170-72. "The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant." *Id*. at 171. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id*. at 171-72.

We have applied *Franks* to situations involving alleged omissions in a supporting affidavit. *See United States v. Tomblin*, 46 F.3d 1369, 1377 (5th Cir. 1995). "Unless the defendant makes a strong preliminary showing that the affiant excluded critical information from the affidavit with the intent to mislead the magistrate, the Fourth Amendment provides no basis for a subsequent attack on the affidavit's integrity." *Id*. (citations and internal quotations marks

2

omitted). We review the denial of a *Franks* hearing de novo. *United States v. Brown*, 298 F.3d 392, 396 (5th Cir. 2002).

As the district court determined, Arispe has not shown that Deputy Johnson knowingly and intentionally, or with reckless disregard for the truth, omitted material information from the affidavit, nor did he show that if information concerning Williams's criminal history had been included, the affidavit would have been insufficient to establish probable cause. *See Franks*, 438 U.S. at 171. Williams's arrest did not preclude her from also being a victim of a crime, and the fact that her statements were made while she was in police custody does not automatically render her statements untrue. There is no evidence that Deputy Johnson intentionally or recklessly misled the magistrate by omitting information concerning Williams's background and conduct. Rather, because Williams implicated herself in several burglaries and thefts while she was in custody and provided reliable information that led to the recovery of stolen property, it was reasonable for Deputy Johnson to believe that her statements regarding Arispe's theft of her shotgun were credible. Further, any uncertainty about the veracity of Williams's statements was compensated for by the detail of the statements she provided and the internal consistency of the statement and surrounding facts. *See United States v. Privette*, 947 F.2d 1259, 1262 (5th Cir. 1991).

The forgoing indicates that, even if the omitted information about Williams, both favorable and unfavorable, had been included in the affidavit, the magistrate could still have found probable cause to issue the warrant. Accordingly, Arispe has not shown that he was entitled to a *Franks* hearing.

Arispe argues that the district court should not have applied the good faith exception to the exclusionary rule. He asserts that if the magistrate had been informed of Williams's true status, he would not have been able to make a determination of probable cause based on the liberal perspective that is afforded information provided by a crime victim or citizen-informant.

"We engage in a two-step review of a district court's denial of a motion to suppress evidence obtained pursuant to a warrant: (1) whether the good-faith exception to the exclusionary rule applies; and (2) whether probable cause supported the warrant." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992) (citations omitted). If the good faith-exception applies, and there is no "novel question of law whose resolution is necessary to guide future action by law enforcement officers and magistrates," the probable cause issue need not be addressed. *Id.* (citations and internal quotation marks omitted).

Even if a search warrant is determined to be unsupported by probable cause, evidence obtained by officers in "objectively reasonable good-faith reliance" on the warrant is admissible. *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993) (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). The good-faith exception to the exclusionary rule does not apply when a warrant is based on an affidavit that is deliberately false or made in reckless disregard of the truth. *Leon*, 468 U.S. at 914.

Arispe has not shown that Deputy Johnson intentionally and/or with reckless disregard for the truth omitted information about Williams in his affidavit. The district court did not err in applying the good faith exception and in denying Arispe's motion to suppress. *See id.* at 914.

AFFIRMED.