Dai v. Barr

BIA
Kolbe, IJ
A206 581 731

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

SHIZHUANG DAI,
> *Petitioner,*

v.                                            18-3358
                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Adedayo O. Idowu, Esq., New York,
                           NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General; Greg

D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, and DENIED in part.

Petitioner Shizhuang Dai, a native and citizen of China, seeks review of an October 18, 2018, decision of the BIA affirming an October 17, 2017, decision of an Immigration Judge ("IJ") denying Dai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shizhuang Dai,* No. A206 581 731 (B.I.A. Oct. 18, 2018), *aff'g* No. A206 581 731 (Immig. Ct. N.Y. City Oct. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, and assume credibility as the BIA did. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to

2

conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). "We review *de novo* questions of law and the application of law to undisputed fact." *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

I. Asylum

An asylum applicant must apply within one year of arriving in the United States, or must show either "changed circumstances which materially affect the applicant's eligibility for asylum" or "extraordinary circumstances" that prevented him from applying. 8 U.S.C. § 1158(a)(2)(B), (D). Dai contends that his baptism and continued practice of Christianity in the United States is a changed circumstance excusing the one-year deadline. We dismiss the petition as to asylum because our review is limited to constitutional claims and questions of law and Dai does not raise such a claim. *Id.* §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151–54 (2d Cir. 2006). Where a petitioner's argument concerns the *meaning* of "changed circumstances," i.e., if an action categorically cannot be a changed circumstance, then we may review the agency's conclusions. *See Weinong Lin v. Holder*, 763 F.3d

244, 247–49 (2d Cir. 2014). Where, as here, the agency considered the circumstance, but concluded that the alleged change did not materially change the applicant's risk of persecution, we do not have jurisdiction to review the agency's factual determination. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding subject to only clear error review."); *Xiao Ji Chen*, 434 F.3d at 154 ("We are . . . without jurisdiction to review petitioner's claims to the extent that she asserts that the IJ abused his discretion when making factual determinations that she had failed to demonstrate either 'changed' or 'extraordinary' circumstances.").

II. Withholding of Removal and CAT

Dai did not allege past persecution, so he had the burden to show that he would "more likely than not" be persecuted on account of his religion upon his return to China. 8 C.F.R. § 1208.16(b)(1)(iii); *see also* 8 U.S.C. § 1231(b)(3)(A), (C). The agency reasonably concluded that the record did not show such a likelihood because Dai testified that he and his family had practiced Christianity in China for years without

4

suffering persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that fear of persecution was weakened where applicant's mother and daughters continued to live in petitioner's native country unharmed); *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (stating that "fear of future persecution is diminished" when "family members remain in petitioner's native country without meeting harm").

Because the agency reasonably found that Dai failed to demonstrate that he would more likely than not suffer harm rising to the level of persecution on account of his religion, he necessarily failed to establish the likelihood of torture needed to meet his burden for CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court