953 F.2d 1344
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnnie Lee HAMILTON, Grady Louis White, Charleston Kelley,
Jr., Cassius Kelley, Donnell Kelley, Steven Lamar Cook,
Frederick Harden, Judson Sims, Jr., James Arthur Adams and
Stanley Bostic, Defendants-Appellants.
 No. 90-8804.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 19, 1992.
Rehearing Denied March 31, 1992.
Rehearing and Rehearing En Banc
Denied April 15, 1992.
 
 Charles R. Sheppard, Augusta, Ga., for Hamilton.
 F. Michael Taylor, Augusta, Ga., for White.
 Bruce S. Harvey, Atlanta, Ga., Marshall L. Cohen, Atlanta, Ga., for Charleston Kelley, Jr.
 Edward J. Coleman, III, Augusta, Ga. (court-appointed), for Cassius Kelley.
 William Sams, Jr., Augusta, Ga. (court-appointed), for Donnell Kelley.
 Michael R. Hauptman, Atlanta, Ga., for Steven Lamar Cook.
 Charles H.S. Lyons, III, Hawk, Hawk & Lyons, P.C., Augusta, Ga. (court-appointed), for Frederick Harden.
 David V. Weber, Martinez, Ga. (Court-appointed), for Judson Sims, Jr.
 Richard E. Allen, Augusta, Ga. (Court-appointed) for Stanley Bostic.
 Kenneth R. Chance, Augusta, Ga., for James Arthur Adams.
 J. Michael Faulkner, Asst. U.S. Atty., Augusta, Ga., W. Leon Barfield, Asst. U.S. Atty., Savannah, Ga., Merv Hamburg, U.S. Dept. of Justice, Washington, D.C., for U.S.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before JOHNSON* CLARK* and PECK**, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises from Appellants' convictions for violations of federal narcotics laws and other drug-related offenses. With the exception of Cassius Kelley's challenge to his sentence for violation of 18 U.S.C. § 924(c), we find Appellants' arguments to be without merit and affirm the convictions.
 
 FACTS
 
 2
 In 1989, an investigation of the "Kelley Organization" by authorities in Georgia and Florida culminated in the indictment of thirty-two individuals, including the ten Appellants, for violations of federal narcotics law. All of the Appellants were charged with conspiracy to possess with intent to distribute and to distribute cocaine powder, crack cocaine, marijuana, and heroin. Individual Appellants were charged with violations of federal firearms law and various other drug-related offenses. The indictment alleged that the drug conspiracy had existed for more than a decade and involved distribution of illegal drugs in Georgia, South Carolina, North Carolina, Tennessee, and Florida. After a jury trial, all Appellants were convicted of the conspiracy charge. Some Appellants were convicted on additional counts.
 
 
 3
 Appellants took a "shotgun" approach to their appeals. Issues on appeal included a Batson[1] challenge, sufficiency of the evidence, double jeopardy, prosecutorial misconduct, and challenges of various evidentiary and procedural rulings. With the exception of Cassius Kelley's challenge to his sentence under 18 U.S.C. § 924(c), we conclude that Appellants' contentions are without merit and affirm their convictions and sentences. See 11th Cir.R. 36-1.
 
 ANALYSIS
 
 4
 With regard to Cassius Kelley's violations of 18 U.S.C. § 924(c), the indictment alleged that Kelley "did use and carry certain firearms, during and in relation to [his] commission of a drug trafficking crime, that is, conspiracy to distribute and possess with intent to distribute" cocaine. The indictment alleged three separate violations by Kelley. The first count involved Kelley's purchase of a Street Sweeper shotgun on October 8, 1988, Kelley's eighteenth birthday. He allegedly was seen firing it behind a carwash owned by a relative. The second count involved the search of Kelley's residence on December 2, 1988 during which several firearms were seized. The final count involved a subsequent search of another of Kelley's residences on July 21, 1989 when a machine pistol was seized from his bedroom. The predicate offense for each of these counts was the drug conspiracy.
 
 
 5
 Section 924(c) requires a mandatory five-year prison sentence for the first offense which cannot run concurrently with the sentence imposed for the underlying offense. At the time of Kelley's violations, § 924(c) provided for a mandatory ten-year prison term for a "second or subsequent conviction." The trial court imposed a twenty-five year cumulative sentence for the three firearms convictions. Kelley argues that this was error because there was only one predicate offense, conspiracy. Thus, the issue is whether a defendant who continually arms himself during the course of an on-going conspiracy can be convicted and sentenced for successive violations of § 924(c).
 
 
 6
 While this circuit has not addressed this issue directly, it has held that the enhanced penalty provision applies to multiple offenses, even if the offenses are charged in a single indictment. United States v. Rawlings, 821 F.2d 1543 (11th Cir.), cert. denied, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987); United States v. Hamblin, 911 F.2d 551, 554 (11th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2241, 114 L.Ed.2d 482 (1991). In this case, the Government has charged a single offense, albeit a continuing offense, as the predicate for the § 924(c) counts. Use of more than one gun during a single drug trafficking offense will not support multiple counts under § 924(c). See, e.g., United States v. Privette, 947 F.2d 1259 (5th Cir.1991) (multiple sentences under § 924(c) must be based on the number of drug trafficking offenses in which the guns were used, not the number of guns used in a single offense); United States v. Henning, 906 F.2d 1392, 1399 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991). ("[W]here a defendant has been convicted of a single drug trafficking offense and more than one firearm was involved, a single violation of § 924(c) occurs and multiple consecutive sentences may not be stacked to account for each firearm seized."); United States v. Henry, 878 F.2d 937, 942-945 (6th Cir.1989) (multiple § 924(c) convictions proper where there is more than one predicate offense, but not merely because more than one gun was used); United States v. Fontanilla, 849 F.2d 1257, 1258-59 (9th Cir.1988) ("Because the murder and assault were properly charged as separate crimes, it was permissible to charge appellant with a separate firearm charge for each crime."). But see, United States v. Freisinger, 937 F.2d 383 (8th Cir.1991) (§ 924(c) authorizes prosecution for each weapon used in relation to a single drug trafficking offense, but the sentences must run concurrently). We note that multiple § 924(c) convictions would have been proper if the Government had linked each gun count to Kelley's separate counts for possession of drugs. However because the § 924(c) counts were linked to a single conspiracy conviction, we hold that multiple sentences were improperly imposed.
 
 CONCLUSION
 
 7
 In conclusion, we affirm the convictions and sentences of all Appellants except Cassius Kelley. With regard to Kelley, the proper remedy for multiplication of punishment is to vacate the sentences on all counts and remand with instructions that the two counts elected by the Government be dismissed. Privette, supra, at 1263. Accordingly, we AFFIRM one of Kelley's § 924(c) convictions, VACATE the sentences under § 924(c), and REMAND for resentencing on the remaining count after the selected counts are dismissed.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)