**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2005
THOMAS K. KAHN
CLERK

_____

**No. 04-16236**
**Non-Argument Calendar**

_____

D. C. Docket No. 95-08083-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTINO SANTA,
a.k.a. Tino,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(November 21, 2005)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Justino Santa appeals his 420-month combined sentences, imposed after he was convicted by a jury for (1) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846; (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(1); (3) two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1); (4) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (5) being a convicted felon in possession of a firearm. He argues that the district court violated his Fifth Amendment right to an indictment and Sixth Amendment right to a jury trial by enhancing his sentence on the basis of a prior conviction not alleged in the indictment or proven to a jury. For the reasons set forth more fully below, we affirm.

On June 9, 1997, a superseding indictment was filed charging Santa with the nine counts of criminal activity mentioned above. As to the drug trafficking counts, the indictment did not charge any specific quantities of drugs, nor did the indictment allege any prior convictions other than one prior felony conviction to support the felon in possession of a firearm charge. The government did, however, file a 21 U.S.C. § 851 notice that it would seek an enhanced penalty because Santa previously had been convicted of a felony drug offense. Santa pleaded not guilty and proceeded to trial, where a jury found him guilty of all nine counts as charged

2

in the indictment.

At sentencing, the district court found that, notwithstanding Santa's objections, the drug offenses involved more than two kilograms of crack cocaine and more than fifty kilograms of cocaine base.  Thus, Santa's guideline range, set at criminal history category VI and offense level 42, was 360 months to life.  The court then imposed 360-month concurrent terms of imprisonment as to Counts 1-4 and 7-9.  As to Count 5, a 60-month consecutive sentence was imposed, and, as to Count 6, a 240-month consecutive sentence was imposed.  In sum, on January 27, 1998, Santa was sentenced to a combined 660-month sentence for all Counts.  We affirmed his convictions and sentences on direct appeal.

We later granted a certificate of appealability on Santa's 28 U.S.C. § 2255 motion to vacate his sentence on the sole issue of whether Santa's trial counsel was ineffective for failing to challenge his convictions and sentences for violations of 18 U.S.C. § 924©) under the rule in United States v. Hamilton, 953 F.2d 1344 (11th Cir. 1992) that multiple sentences under § 924(c) must be for the number of drug trafficking offenses during which guns were used, not the number of guns used in a single offense.  We ruled that Santa's case was "indistinguishable" from the case in Hamilton, and, therefore, held it was unreasonable for trial counsel not to raise a Hamilton objection at trial or on direct appeal.  Thus, Santa's sentences

3

were vacated and remanded for resentencing.

A revised presentence investigation report (PSI) was completed prior to Santa's resentencing. The PSI set Santa's base offense level at 38 after finding that the amount of cocaine base involved was at least 1.5 kilograms or more. A four-level enhancement was added because Santa had been described as the organizer and leader of a cocaine organization. No further adjustments or reductions were made, for a total offense level of 42. The PSI also noted that, because Santa had two prior convictions for "crimes of violence" or "controlled substances," he was considered a career offender. Ordinarily, because the statutory maximum term of imprisonment for Santa was life imprisonment, his career-offender offense level would have been set at 37. However, because Santa's adjusted offense level was 42, that offense level was used in place of the career offender adjustment. On the basis of Santa's career offender status, he was placed in criminal history category VI.

Ultimately, the PSI concluded that the guideline range for Counts 1-4 and 7-9 was 360 months to life, while both Counts 5 and 6 required mandatory 60-month consecutive sentences. Santa lodged two principal objections to the PSI calculations, first arguing that his base offense level was based on an amount of cocaine not charged in the indictment or made in a specific finding by the jury as

required by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2001). Second, he argued that the enhancement for being a leader or organizer was not based on jury finding and was contrary to the rule of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Santa, relying principally on <u>Blakely</u> and, more specifically, the dissenting opinions of Justices O'Connor and Breyer in <u>Blakely</u>, argued that there was no meaningful distinction between the Washington state sentencing scheme and the Federal Guidelines, meaning that <u>Blakely</u>'s rule extended to render the Federal Guidelines unconstitutional.

The district court sustained Santa's objections as to the role-enhancement and the drug quantity, and found that Santa's base offense level was only 17 which, at criminal history VI, provided for a sentencing range of 51 to 63 months' imprisonment. (<u>Id.</u> at 9-10). However, the court noted that <u>Apprendi</u> and <u>Blakely</u> had not changed the fact that prior convictions were not required to be presented to a jury. Thus, the court found that the statutory maximum penalty for Santa was life imprisonment, which, under U.S.S.G. § 4B1.1 and the relevant career offender provisions, mandated a total offense level of 37, notwithstanding drug quantities. At criminal history category VI, total offense level 37, Santa was still subject to a prison term of 360 months to life. Count 6 was dismissed in light of <u>Hamilton</u>, and

5

the court subsequently imposed 360-month concurrent sentences on Counts 1-4 and 7-9 and a 60-month consecutive sentence on Count 5, for a total sentence of 420 months' imprisonment.

The court then added for the record that it did not believe the Federal Guidelines would be ruled unconstitutional but, in the event that they were, the statutory maximum in Santa's case would still be life imprisonment. It then said, "if that were the case and that was to be the law, [and] the court would be required to impose a sentence within the statutory guidelines set forth in the statute, [then] the court would still impose a sentence [of] 360 months." The court continued that its pronouncement was "not binding," but given as an "advisory matter" in case the government believed that the sentence had been wrongly imposed. It even called its statement "dicta." Based on the court's rulings, Santa's counsel had no further objections, although Santa himself argued that he should not receive the 60-month consecutive sentence and further argued that he was actually innocent of Count 5. No further objections were made.

On appeal, Santa, while conceding that the Supreme Court's precedent in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) permitted the district court to use prior convictions not charged in the indictment or proven to a jury to enhance his sentence, argues that the continued

6

validity of Almendarez-Torres is in doubt and wishes to preserve the issue. Santa focuses on Justice Thomas's concurring opinion in the recently decided Shephard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), in which Thomas noted that a majority of the Supreme Court now recognizes that Almendarez-Torres was wrongly decided. Thus, Santa argues that Almendarez-Torres and Apprendi cannot be reconciled and Almendarez-Torres is due to be overruled. Nowhere in his brief does Santa argue that the district court erred by sentencing him under a mandatory guidelines regime.

As Santa concedes, he did not raise a constitutional objection regarding the use of prior convictions, but rather, limited his objections to the use of uncharged drug quantities and the role enhancement. Santa never mentioned prior convictions, either in his memorandum or at sentencing. While his Blakely objections were sustained as to drug quantity and the role enhancement, Santa did not object when the district court, after noting that Blakely did not apply to the use of prior convictions, used Santa's prior convictions to enhance his sentence based on the career offender provisions of the guidelines. In light of the foregoing, it appears that no timely constitutional objection was made to the use of prior convictions to enhance Santa's sentence. Cf. United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir.) cert. denied ___ S.Ct. ___ (U.S. Oct. 11, 2005) (No. 05-

7

6234 ) (discussing how to preserve a <u>Booker</u> error and holding that a defendant must raise <u>Apprendi</u> (or, presumably, <u>Blakely</u> or <u>Booker</u>) or otherwise base an objection on the fact that the jury did not find the drug quantity and type beyond a reasonable doubt).

Because Santa did not lodge a constitutional objection to the use of his prior convictions at sentencing in district court, we will review only for plain error. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.) <u>cert. denied</u> 125 S.Ct. 2935 (2005) ("[b]ecause Rodriguez did not object on this basis in the district court, our review is only for plain error."). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." <u>Id.</u> (quotation and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u>

After Santa had been resentenced, the Supreme Court held that the mandatory nature of the Federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. <u>Booker</u>, 543 U.S. at ___,125 S.Ct. at 749-51. In so doing, the Court affirmed its holding in <u>Apprendi</u>: "Any fact (other than a prior conviction) which is necessary to support a sentence

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S at ___, 125 S.Ct. at 756.

Prior to Booker, we had held that nothing in Blakely prevented a district court from enhancing a defendant's sentence based on prior convictions. See United States v. Marseille, 377 F.3d 1249, 1257 n.14 (11th Cir. 2004). Post-Booker, we have likewise held that nothing in Booker disturbed the Supreme Court's holdings in Almendarez-Torres or Apprendi, and that a district court, therefore, does not err by relying on prior convictions to enhance a defendant's sentence. See United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, ___ S.Ct. ___ (U.S. Oct. 3, 2005) (No. 05-5141); see also United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, ___ S.Ct. ___ (U.S. Oct. 11, 2005) (No. 05-6178). Santa argues that the Supreme Court's recent decision or, more specifically, Justice Thomas's concurrence in Shepard v. United States, casts doubt on the continuing validity of Almendarez-Torres as precedent, and we have recognized that Almendarez-Torres could, because of cases like Shepard, arguably be overruled. Camacho-Ibarquen, 410 F.3d at 1316 n.3. Until the Supreme Court explicitly does so, however, we have held that we will

follow <u>Almendarez-Torres</u> as precedent.  <u>Id.</u>  Accordingly, Santa's argument lacks merit.[1]

Secondly, even assuming that a constitutional error was possible, there was no error in this case because Santa admitted to the prior conviction used to enhance his sentence by not objecting to the conviction in the PSI.  We have held that where a defendant does not object to the factual findings of the PSI, they are deemed admitted, and a district court does not violate the Sixth Amendment by relying on those facts.  <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005).  Thus, no constitutional violation could have occurred.

Notwithstanding the fact that there was no constitutional error, we have recognized a second, statutory error that occurs when the district court applies the guidelines in a binding, as opposed to advisory, fashion.  <u>See, e.g.,</u> <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291 (11th Cir. 2005) (holding that "[t]he statutory error occurs when the district court sentences a defendant 'under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation.").

First, it is noted that Santa does not raise the issue of statutory error in his

---

[1] To the extent Santa desires that this Court revisit its decision, "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting <u>en banc</u> can judicially overrule a prior panel decision."  <u>Cargill v. Turpin</u>, 120 F.3d 1366, 1386 (11th Cir. 1997).

10

brief and, to the extent he failed to do so, we deem the issue abandoned. See, e.g.,

United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (holding that a

defendant who argues, for the first time in his reply brief, and not his initial brief,

that he is entitled to resentencing because the district court sentenced him under

mandatory guidelines, abandons the argument). However, even if we were to

consider the argument, Santa would not be entitled to resentencing. As we noted in

Magluta, in order for a defendant to satisfy the substantial prejudice test under

plain error review, he must "establish a reasonable probability that if the district

court had considered the guidelines range it arrived at using extra-verdict

enhancements as merely advisory, instead of mandatory, and had taken into

account any otherwise unconsidered [18 U.S.C.] § 3553 factors, the court would

have imposed a lesser sentence than it did." Id. at 1186 (citation omitted). Here,

the district court, albeit in dicta, indicated that, in the event the guidelines were

declared unconstitutional, it would impose a sentence of 360 months'

imprisonment with a 60-month consecutive sentence. It found that the total 420-

month sentence was appropriate for the offenses of conviction. Accordingly, Santa

cannot show that he would have received a lesser sentence, and cannot satisfy plain

error review.

Lastly, to the extent Santa argues that his prior convictions should have been

11

charged in the indictment, neither <u>Blakely</u> nor <u>Booker</u> held that the use of mandatory guidelines implicated the Fifth Amendment's right to an indictment. Furthermore, we have held that, post-<u>Booker</u>, the only statutory maximum is that set out in the United States Code.  <u>United States v. Duncan</u>, 400 F.3d 1297, 1303-04 (11th Cir.) <u>cert. denied</u> ___ S.Ct. ___ (U.S. Oct. 11, 2005) (05-5467). Because Santa violated 21 U.S.C. § 841(a)(1), and the government provided its notice, under 21 U.S.C. § 851, that it would be seeking an enhanced penalty due to Santa's prior felony drug convictions, Santa was on notice that he could face a statutory maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A).

Based on the foregoing, we conclude that the district court did not violate Santa's Fifth or Sixth Amendment rights when it resentenced him to a 420-month combined sentence.  We, therefore, affirm.

**AFFIRMED.**