[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12211
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

D. C. Docket No. 08-00023-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY ROBERT TREFFINGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 8, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Timothy Treffinger was convicted of five crimes arising out of his marijuana

growing operation. He challenges his convictions and sentences for possessing firearms in furtherance of the manufacture and possession of marijuana with intent to distribute. He also challenges, as procedurally unreasonable, his sentence for manufacturing and possessing marijuana with intent to distribute, making and possessing an unregistered destructive device, and possessing an unregistered firearm.

I.

After receiving a tip from a confidential informant and consent from Treffinger, officers from a joint federal–state narcotics task force, with help from agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives, searched Treffinger's property in Archer, Florida. They found, among other things, marijuana plants, handguns, rifles, a firearm silencer, ammunition, and pipe bombs.

A federal grand jury then charged Treffinger in a 7-count indictment. Count 1 alleged that he manufactured and possessed over 100 marijuana plants with intent to distribute, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii). Count 2 alleged that he possessed firearms—handguns and rifles—and ammunition in furtherance of the crime charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Count 3 alleged that he possessed destructive devices—pipe bombs—and a firearm silencer in furtherance of the crime charged in Count 1, in violation of 18 U.S.C. §

2

924(c)(1)(B)(ii). Count 4 alleged that he made and possessed an unregistered destructive device, in violation of 26 U.S.C. §§ 5861(f), 5871, and Count 5 alleged that he possessed an unregistered firearm silencer, in violation of 26 U.S.C. §§ 5861(d), 5871. The indictment also included two forfeiture counts that are not at issue on appeal.

Treffinger pleaded not guilty, and after a trial, the jury found him guilty on all counts. The presentence investigation report grouped Counts 1, 4, and 5 pursuant to United States Sentencing Guidelines § 3D1.2(c) (Nov. 2007). It recommended a base offense level of 18 for those counts. It added 6 levels because the offense involved between 25 and 99 firearms and 2 levels because the offense involved a destructive device. Treffinger's total offense level was thus 26 for Counts 1, 4, and 5. Combined with his criminal history category of I, the result was a guidelines range of 63–78 months.

The guidelines sentence for an 18 U.S.C. § 924(c) conviction is the minimum term of imprisonment required by statute. U.S.S.G. § 2K2.4(b). Accordingly, the PSR set a guidelines sentence of 60 months for Count 2, see 18 U.S.C. § 924(c)(1)(A)(I), and 360 months for Count 3, see id. § 924(c)(1)(B)(ii).

The probation office noted in an addendum to the PSR that it had erred in initially calculating a total offense level of 29 for Counts 1, 4, and 5, which would

3

have resulted in a guidelines range of 87–108 months. But the probation office did not correct its sentencing recommendation of 97 months for Counts 1, 4, and 5, which was based on the initial, incorrect guidelines range calculation.

Treffinger objected to the PSR because it did not recommend a decrease for acceptance of responsibility. The district court overruled that objection and adopted the PSR as its findings. On counts 1, 4, and 5, the court sentenced Treffinger to 97 months in prison, mistakenly stating that sentence was "in the middle of the guidelines range." It was actually in the middle of the initial, incorrect guidelines range calculation. The court also sentenced him to 60 months in prison on Count 2, to be served consecutively to the sentence for Counts 1, 4, and 5, and to 360 months in prison on Count 3, to be served consecutively to the sentence for Count 2. The court imposed a term of supervised release for each count: 4 years for Count 1; 5 years each for Counts 2 and 3; and 3 years each for Counts 4 and 5. Treffinger did not object to his sentences, and this appeal followed.

## II.

Federal law prohibits the "possess[ion]" of a firearm "in furtherance of" a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). We have held that the "[u]se of more than one gun during a single drug trafficking offense will not support

multiple counts under [18 U.S.C.] § 924(c)." United States v. Hamilton, 953 F.2d 1344, 1346 (11th Cir. 1992) (emphasis added). Citing Hamilton, Treffinger contends for the first time on appeal that the district court erred in sentencing him on Counts 2 and 3 because both counts identified Count 1 as the predicate drug trafficking offense.

We review de novo questions of statutory interpretation, but when an issue is raised for the first time on appeal, we review only for plain error. United States v. Rahim, 431 F.3d 753, 756 (11th Cir. 2005). Because Treffinger has raised his Hamilton challenge for the first time on appeal, our review is for plain error. The government, however, concedes that, given our decision in Hamilton, the district court committed plain error by sentencing Treffinger on Counts 2 and 3.

The remedy under Hamilton is to affirm one of Treffinger's convictions under Counts 2 and 3, vacate the sentences imposed on those counts, and remand for resentencing with instructions that the count elected by the government be dismissed. See Hamilton, 953 F.2d at 1146 (describing that "the proper remedy . . . is to vacate the sentences on all [§ 924(c)] counts and remand with instructions that the . . . count[] elected by the Government be dismissed" and to affirm the remaining § 924(c) count). In its brief, the government elects to have Count 2 dismissed; therefore, on remand the district court is to dismiss Count 2.

5

III.

Treffinger contends that the evidence was insufficient to support his convictions for violating 18 U.S.C. § 924(c), arguing that there was not enough evidence to prove that his possession of the handguns, rifles, ammunition, pipe bombs, and a firearm silencer was in furtherance of the crime charged in Count 1. Because we vacate his sentence on Count 2 and instruct the district court to dismiss that count on remand, we consider only the sufficiency of the evidence for his conviction under Count 3.

We review <u>de novo</u> the sufficiency of the evidence presented at trial, and "we will not disturb a guilty verdict unless, given the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt." <u>United States v. Hill</u>, 643 F.3d 807, 856 (11th Cir. 2011) (quotation marks omitted). In reviewing the sufficiency of the evidence, "we look at the record in the light most favorable to the verdict and draw all reasonable inferences and resolve all questions of credibility in its favor." <u>Id.</u> (quotation marks omitted).

To prove that Treffinger violated § 924(c), as charged in Count 3 of the indictment, the government must prove that his possession of the pipe bombs and firearm silencer was "<u>in furtherance of</u>" the commission of the "drug trafficking

6

crime" charged in Count 1—that is: in furtherance of the manufacture and possession of marijuana with intent to distribute. See 18 U.S.C. § 924(c)(1)(A) (emphasis added). If his possession of the pipe bombs and firearm silencer "helped, furthered, promoted, or advanced" his commission of manufacturing and possessing marijuana with intent to distribute, he possessed them "in furtherance of" that crime. United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002).

Evidence at trial established that officers discovered, among other things, the following at Treffinger's property: (1) 267 marijuana plants; (2) a semiautomatic rifle with a firearm silencer; (3) pipe bombs, some located in buildings containing the marijuana plants; (4) "fighting position[]" bunkers; (5) a monthly to-do list for Treffinger's marijuana operation that stated that he needed to "determine [his] needs for weapons and weapons drills and strategy"; and (6) boards detailing how much marijuana was harvested each month and stating that the operation expected an annual marijuana yield worth $45,000. Treffinger admitted to task force officers that he had been growing marijuana on his property for about 10 years and that he owned the semiautomatic rifle with the firearm silencer. He told ATF agents that he owned the marijuana and firearm silencer, and that he made and owned the pipe bombs, some of which he kept "close in case there was an attack or something [so that] he could . . . readily access . . . them."

7

And he told ATF agents that he had tested pipe bombs to make sure they worked. Further, an officer who investigated the case testified that Treffinger's marijuana operation was indicative of sales and distribution. Thus, there was plenty of evidence to support Treffinger's § 924(c) conviction pursuant to Count 3. See Timmons, 283 F.3d at 1253 ("[W]e find that the evidence against [the defendant] (bullet proof vest, crack cocaine on the stove and under the cushions of the couch, two fully loaded firearms on top of the oven and ammunition inside the oven in the living room of his apartment) was sufficient for the jury to have concluded that [the defendant] was guilty of possessing the firearms 'in furtherance of' drug trafficking.").[1]

## IV.

Finally, we turn to Treffinger's argument that his 97-month prison sentence for Counts 1, 4, and 5 was procedurally unreasonable because the district court

---

[1] Treffinger also argues that his § 924(c) convictions and sentences are invalid because the commission of the predicate drug trafficking crime must be proven or charged as a nonwaivable jurisdictional prerequisite. It is unclear exactly what argument he is making, but to the extent that he is arguing that he must be convicted of the predicate drug trafficking crime or that the crime must be charged in the indictment, he is wrong. See United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005) ("We hold that conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense."). In any event, Treffinger was charged with and was convicted of the predicate drug trafficking crime in this case. To the extent that his argument is a challenge to the sufficiency of the evidence supporting his conviction for manufacturing and possessing marijuana with intent to distribute under Count 1, he has abandoned that challenge by not making it plainly and prominently. See United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011). And even if he had not abandoned it, there was ample evidence to support his Count 1 conviction.

based it on the clearly erroneous guidelines range calculation of 87–108 months. A court commits procedural error when it bases a sentence on clearly erroneous facts. See United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). However, Treffinger did not object to the procedural reasonableness of his sentence before the district court.

Treffinger and the government disagree about what standard of review applies. Treffinger argues the a sentence's procedural reasonableness is reviewed under the abuse of discretion standard, whereas the government argues that procedural reasonableness is reviewed only under the narrower plain error standard when the defendant did not object on that basis before the district court. There is no binding authority to resolve that dispute, but we need not resolve it here because the government concedes that even under the plain error standard the district court erred by basing Treffinger's sentence on the probation office's initial, incorrect guidelines range calculation. We therefore vacate Treffinger's sentence on Counts 1, 4, and 5 and remand for resentencing.

V.

For these reasons, we affirm Treffinger's conviction pursuant to Count 3; we vacate his sentences for Counts 2 and 3 and remand for resentencing, with instructions that the district court dismiss Count 2; and we vacate the sentence

imposed for Counts 1, 4, and 5 and remand for resentencing.[2]

**AFFIRMED IN PART.  VACATED AND REMANDED IN PART.**

---

[2] Because we vacate Treffinger's sentence on Count 2 and remand with instructions that the district court dismiss that count, we do not reach his argument that the district court erred by requiring his Count 2 sentence to run consecutively to his sentence for Counts 1, 4, and 5.  Also, because we instruct the district court to dismiss Count 2, we do not reach his argument that his combined 420-month prison sentence for Counts 2 and 3 was unreasonable.  Nor do we reach his argument that the district court erred by requiring his Count 3 sentence to run consecutively to his Count 2 sentence.