[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15303
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00246-WS-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANDREW GOSS RICHARDS,
a.k.a. Junior,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 7, 2017)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Charles Andrew Goss Richards appeals his convictions and total sentence of 630 months of imprisonment after pleading guilty to one count of conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846, and two counts of discharging a firearm during and in relation to and in furtherance of a crime of violence or drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  After careful review, we affirm.

## I.

On September 20, 2015, Richards and his girlfriend arrived in a stolen van at "Kelly's Clay Pit" near Foley, Alabama, to sell another couple $25's worth of methamphetamine ice.  After the exchange, Richards accosted one of the buyers for "talking bad" about him in the county jail.  Richards then pulled out a gun and shot the man in the arm.  As the man began to run away, Richards shot at him again but missed.  Turning to the other buyer, Richards told her he was going to take her car and grabbed the keys from her hand.  Richards and his girlfriend then drove away in the two cars, leaving the two buyers.  Eventually, Richards's girlfriend picked him up in the stolen van.  They were later apprehended after leading police on a high-speed chase.

After his arrest, Richards was indicted on five counts: (1) conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (3) discharging a firearm

during and in relation to and in furtherance of a drug-trafficking crime (distributing methamphetamine), in violation of 18 U.S.C. § 924(c)(1)(A); (4) carjacking, in violation of 18 U.S.C. § 2119; and (5) discharging a firearm during and in relation to and in furtherance of a crime of violence (carjacking). Under a written plea agreement, Richards agreed to plead guilty to the drug-conspiracy offense (Count 1) and the two firearms offenses (Counts 3 and 5). The government agreed to dismiss the remaining counts.

At the change-of-plea hearing, Richards was informed that he faced up to 20 years of imprisonment on Count 1, a mandatory consecutive term of at least 10 years on Count 3, and a mandatory consecutive term of at least 25 years on Count 5. After confirming that he understood the penalties he faced and the elements of the offenses, Richards admitted to the facts of his offense conduct summarized above and then pled guilty to Counts 1, 3, and 5 of the indictment. The district court accepted the plea as knowing and voluntary.

Richards's presentence investigation report calculated an advisory guideline range of 210 to 240 months for the drug-conspiracy offense, plus mandatory consecutive terms of 10 and 25 years for the firearms offenses.

At his sentencing, Richards argued that it violated the Fifth Amendment's Double Jeopardy Clause to impose multiple terms of imprisonment for a single act of discharging a firearm. The district court rejected this argument and then

3

sentenced him to 210 months on Count 1, 120 months on Count 3, and 300 months on Count 5, with all terms to be served consecutively.  Richards now appeals.

## II.

On appeal, Richards offers two reasons why, in his view, the district court could not have imposed multiple, consecutive punishments for the two § 924(c) convictions.  First, he asserts that Count 5 lacks a sufficient evidentiary basis because he was not convicted of the predicate crime of violence (carjacking), which the government dismissed as part of his plea.  Second, he maintains that his § 924(c) convictions and corresponding sentences violate the Fifth Amendment's guarantee of protection against multiple punishments for the same offense because, in his view, both firearm convictions were based on the same predicate offense.[1]

---

[1]  The government contends that Richards has waived his right to raise these arguments on appeal for two distinct reasons.  First, the government cites the plea agreement's limited waiver of Richards's right to file a direct appeal challenging "his guilty plea, conviction, or sentence."  After Richards filed his initial brief on appeal, the government filed a motion to dismiss the appeal as barred by the waiver.  That motion was carried with the case, and the government then filed its response brief.  We find that the wavier does not apply because Richards primarily challenges his convictions and, to the extent the waiver applies to such arguments, the district court did not specifically address that aspect of the waiver during Richards's plea colloquy.  *See United States v. Bushert*, 997 F.3d 1343, 1350–51 (11th Cir. 1993).  Accordingly, we **DENY** the government's motion to dismiss.  In any case, even if the waiver applies, the government has already addressed the merits of the appeal, so we will not be depriving the government of the central benefit of its bargain by deciding the merits.  *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

Second, the government argues that Richards waived his arguments by pleading guilty. *See United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008) ("The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction").  The government is likely correct in this regard.  *See United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (holding that a guilty plea waived the argument that "there was an insufficient factual basis to support the indictment"); *Smith*, 532 F.3d at 1127–28 (holding that a guilty plea waives some,

We review claims of double jeopardy and questions of statutory interpretation *de novo*. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009); *United States v. Rahim*, 431 F.3d 753, 756 (11th Cir. 2005).

The Fifth Amendment's Double Jeopardy Clause protects against, among other things, multiple punishments for the same offense. *Bobb*, 577 F.3d at 1371. The multiple-punishment inquiry focuses on congressional intent. *See id.* ("Congress, of course, has the power to authorize multiple punishments arising out of a single act or transaction."). If the same act or transaction violates two statutory provisions, courts must first determine whether the legislature clearly intended each violation to be a separate offense with separate punishments. *See id.* at 1371–72. When legislative intent is unclear, we apply the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *United States v. Smith*, 532 F.3d 1125, 1128 (11th Cir. 2008). "Under this test, two offenses are different for the purposes of double jeopardy analysis if each requires proof of an additional fact which the other does not." *Id.* (internal quotation marks omitted).

Section 924(c) provides that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the

but not all, double-jeopardy challenges). However, we would engage in a similar double-jeopardy analysis to determine if Richards waived his argument, *see Smith*, 532 F.3d at 1128–29, and Richards is not entitled to relief on the merits in any event, so we proceed directly to the merits.

5

United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be sentenced to an additional term of imprisonment depending on the facts. 18 U.S.C. § 924(c)(1)(A). A minimum penalty of 10 years applies if the firearm was discharged, while a lesser penalty applies if the firearm was brandished or merely possessed. *Id.* § 924(c)(1)(A)(iii). In the case of a "second or subsequent" § 924(c) conviction, the defendant must be sentenced to at least 25 years. *Id.* § 924(c)(1)(C)(i). This enhanced penalty provision "applies to multiple offenses, even if the offenses are charged in a single indictment." *United States v. Hamilton*, 953 F.2d 1344, 1346 (11th Cir. 1992) (citing *United States v. Rawlings*, 821 F.2d 1542, 1545–46 (11th Cir. 1987)).

Notably, the penalties for violating § 924(c) must be "stacked." That is, each term of imprisonment for a § 924(c) offense must be imposed consecutive to the term of imprisonment for any other offense, including the underlying predicate offense. 18 U.S.C. § 924(c)(1)(D)(ii).

Here, Richards has not shown that the district court erroneously imposed multiple punishments for the two § 924(c) convictions. Richards first argues that his conviction on Count 5 cannot stand because he was not convicted of the predicate carjacking offense. But a "conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense." *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005). Instead,

6

§ 924(c) "requires only that the drug trafficking crime be one that 'may be prosecuted.'" *Id.* (quoting 18 U.S.C. § 924(c)(1)(A)). Richards admitted as part of his guilty plea that he in fact committed the offense of carjacking, even if he was not convicted of that offense. Thus, the fact that he was not convicted of carjacking does not undermine his § 924(c) conviction for discharging a firearm during and in relation to the predicate offense of carjacking. *See id.* at 1127–28.

Richards's second contention—that it violates the Double Jeopardy Clause to base multiple § 924(c) convictions on the same predicate offense—is misguided because his two § 924(c) convictions rest on distinct predicate offenses.

In *Rahim*, we held that two or more convictions under § 924(c) can arise from the same course of conduct when the convictions are based are distinct predicate crimes. 431 F.3d at 757–58 (declining to "reach the issue whether predicate offenses consisting of 'virtually the same conduct' can support multiple 924(c) convictions"). And multiple § 924(c) convictions do not violate the Double Jeopardy Clause so long as "each of the two offenses charged requires proof of an additional fact"—the predicate crime—"which the other does not." *Id.* at 758 (internal quotation marks omitted). Thus, in *Rahim*, we held that the defendant's multiple § 924(c) convictions for (1) use of a firearm during a robbery and (2) use of a firearm during a carjacking, did not violate the Double Jeopardy Clause, even though they arose from a single course of conduct, because each

7

conviction required proof of a different predicate crime of violence. *Id.*

Here, Richards's multiple § 924(c) convictions do not violate the Double Jeopardy Clause. Even though his convictions arose out of the same course of conduct, each conviction required proof of an element the other does not. *See id* at 757–58; *see also Blockburger*, 284 U.S. at 304. Specifically, Count 3 charged Richards with discharging a firearm during and in relation to and in furtherance of the predicate crime of selling methamphetamine. Count 5 charged Richards with discharging a firearm during and in relation to and in furtherance of the predicate crime of carjacking. Thus, Richards is incorrect that his § 924(c) convictions were based on the same predicate offense. And because his § 924(c) convictions rest on distinct predicate offenses, no double-jeopardy violation occurred. *See Rahim*, 431 F.3d at 758.

In sum, the district court properly concluded that Richards's multiple § 924(c) convictions did not violate the Double Jeopardy Clause because they were based on distinct predicate offenses. For that reason, we likewise find no error in the court's imposition of multiple, consecutive terms of imprisonment, as directed by the statute. *See* 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii). Accordingly, Richards's convictions and total sentence are affirmed.

**A**FFIRMED.

8