# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11038

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

BRANDON DESHAWN CAMPBELL,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Brandon Deshawn Campbell was convicted by a jury on one count of possession with intent to distribute marijuana, one count of possession with intent to distribute ecstasy, and two separate counts of possession of a firearm in furtherance of each of those drug convictions. Campbell was sentenced to a mandatory minimum of five years for his first firearm conviction, a mandatory minimum of twenty-five years for his second firearm conviction, and a fifteen-day concurrent sentence for his drug convictions. On appeal, Campbell challenges his second firearm conviction, which resulted in the imposition of a

No. 13-11038

twenty-five year mandatory minimum sentence.  For the reasons stated herein, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

In December 2011, Brandon Campbell was engaged in a drug trafficking enterprise along with his co-defendant Tyrone Allen.[2]  Campbell and Allen distributed marijuana and ecstasy from a drug house located in Dallas, Texas. Detective Anthony Martin of the Dallas Police Department's Narcotics Division ("Narcotics Division") was the lead detective in the investigation of the drug house.  On December 8, 2011, after receiving an investigative tip from a confidential informant, Detective Martin attempted to conduct an undercover buy at the drug house.  When the detective entered the drug house, he encountered Campbell.  The drug house contained a cage door that blocked access to the kitchen but that allowed the detective to see inside the kitchen and to converse with Campbell who was located inside the kitchen.  While Detective Martin attempted to negotiate the sale of an ounce of powdered cocaine, Campbell aimed a black handgun with a laser pointer on it at the detective.  Campbell ultimately did not sell Detective Martin any drugs because he did not have the amount of drugs the detective was requesting at that time.

Detective Martin obtained a search warrant for the drug house that the Narcotics Division executed on December 12, 2011, with the assistance of the Dallas Special Weapons and Tactics ("SWAT") Unit.  During the search, the

---

[1] This opinion only discusses facts relevant to the charges upon which Campbell was convicted with particular emphasis on the firearm counts.  However, the superseding indictment contained trafficking and firearm charges related to the trafficking of cocaine base and evidence regarding those counts was submitted to the jury.

[2] Allen pled guilty pursuant to a plea agreement and was sentenced to eight years imprisonment.  *See United States v. Allen*, No. 3:12-cr-00181-O-1 (N.D. Tex. Nov. 27, 2012) (plea agreement); *United States v. Allen*, No. 3:12-cr-00181-O-1 (N.D. Tex. June 6, 2013) (sentence).

No. 13-11038

detectives arrested Campbell and Allen and collected numerous items, including cash, drugs, and firearms. The detectives found marijuana and ecstasy in the house. The detectives also found five firearms inside the living room: three handguns, one sawed-off shotgun, and one assault rifle. One handgun was found on the arm of a couch, another handgun was found under the couch's cushion, and the last handgun was found on the floor near the couch. One of the handguns found was the same handgun with a laser pointer that Detective Martin had observed Campbell with days earlier. The sawed-off shotgun and assault rifle were located underneath the couch. In a videotaped interview with a police detective, Campbell stated that his fingerprints would be on two of the handguns, including the one with the laser pointer. However, in that interview, Campbell further asserted that he mainly dealt with the handgun with the laser pointer.

Campbell was indicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 841(b)(1)(C) for knowingly possessing marijuana and ecstasy with the intent to distribute. The indictment charged Campbell for these drug offenses under both a theory of Campbell as the principal and a theory of accomplice liability pursuant to 18 U.S.C. § 2. The indictment also charged Campbell with two separate counts of the possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(B)(i). The firearm counts corresponded to each of the separate drug counts. Both firearm counts listed each of the five firearms found in the drug house as possible weapons upon which a conviction under those counts could be found. Campbell never raised a claim, before or during trial, that the indictment was defective.

A jury convicted Campbell on the aforementioned charges, including two counts of the possession of a firearm in furtherance of a drug trafficking crime corresponding to his separate convictions for the possession of marijuana and the possession of ecstasy. Although the superseding indictment did not

3

specifically charge Campbell under 18 U.S.C. § 924(c)(1)(C)(i), which mandates a twenty-five year mandatory minimum for a second or subsequent firearm conviction under § 924(c), in the presentencing report ("PSR"), the United States Probation Office recommended the twenty-five year mandatory minimum for Campbell's second firearm conviction in addition to the five-year mandatory minimum under § 924(c)(1)(A)(i) for the first firearm count. Consequently, despite Campbell having no criminal history, the PSR recommended a minimum sentence of thirty years for the firearm counts alone.

Campbell objected to the PSR contending that the imposition of the twenty-five year mandatory minimum for his second firearm conviction under § 924(c)(1)(C)(i) did not apply where the evidence failed to establish more than a single use of one firearm in conjunction with multiple predicate drug offenses. In other words, Campbell argued that his second firearm conviction was invalid because the jury verdict did not establish that Campbell possessed more than one gun in connection to his two predicate drug offenses.

Following a hearing on the matter, the district court overruled Campbell's objection in a written order. Although the district court stylized its opinion as one regarding a sentencing objection, in substance, the district court addressed Campbell's objection as a motion for a judgment of acquittal as to the second firearm count. *See United States v. Campbell*, No. 3:12-CR-181-O(01), at *8 (N.D. Tex. Sept. 6, 2013) ("Therefore, the Court will review the facts of this case to determine if the verdict should be upheld under this standard."). The district court upheld the jury verdict finding there was overwhelming evidence that different firearms supported convictions for each of the predicate offenses. *Id.* (citing *United States v. Foreman*, 986 F.2d 1418, at *5 (5th Cir. 1993); *United States v. Privette*, 947 F.2d 1259, 1263 (5th Cir. 1991)). Specifically, the district court found there was sufficient evidence that Campbell possessed all five firearms and therefore, there was no danger that

No. 13-11038

the two separate firearm convictions were based on the single use of a firearm in conjunction with the two predicate drug offenses. *See Campbell*, No. 3:12-CR-181-O(01), at *8–9. The district court further concluded that because the jurors were allowed to find Campbell guilty of the drug counts under a theory of aiding and abetting, the jury must have similarly found that Campbell aided and abetted the possession of firearms as well. *See id.* at *9–10 ("[T]he evidence leads to no other conclusion but that Campbell and his co-defendant agreed to distribute illegal narcotics from the drug house and they assisted each other in doing so in an effort to successfully traffic narcotics. In relation to this joint undertaking, they possessed the multiple firearms to further their drug trafficking enterprise. Therefore, Campbell is responsible for all of the firearms.").

Campbell now appeals the district court's determination.

## STANDARD OF REVIEW

The parties dispute the standard of review that should be applied to Campbell's appeal. Although Campbell raises several arguments including charging error by the government, inadequate jury instructions, an unsupported jury verdict, and an unfairly enhanced punishment, we conclude from our review of the record that the essence of Campbell's appeal lies in his contentions that the jury was improperly instructed and that, as a result, his second firearm conviction was not supported by the jury verdict. In so construing Campbell's challenge, we conclude that Campbell's arguments on appeal were not properly preserved below as they were first raised at sentencing, over three months after his trial. *See United States v. Harris*, 740 F.3d 956, 965–66 (5th Cir. 2014); *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc) (recognizing that to preserve a claim of insufficiency of the evidence a defendant must move for judgment of acquittal when the government rests or at the close of all the evidence); *see also United States v.*

5

*Allison*, 616 F.2d 779, 784 (5th Cir. 1980) (per curiam) (explaining that under Federal Rule of Criminal Procedure 29(c), a claim of insufficiency of the evidence can also be preserved by a timely motion filed after a guilty verdict even in the absence of a motion at the close of the government's case or at the close of all the evidence).

Therefore, we review for plain error. *United States v. Compian-Torres*, 712 F.3d 203, 206 (5th Cir. 2013). "To show plain error, a defendant must show that a forfeited error is clear or obvious, and that it affects his substantial rights. If such a showing is made, the Court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## DISCUSSION

Campbell contends in this appeal that because the jury verdict did not establish that different firearms were possessed or used in connection to each of his two drug trafficking predicate offenses, his second conviction under § 924(c)(1) cannot stand. Even if the question of whether Campbell possessed two distinct firearms should have been presented to the jury, we do not conclude that the district court clearly or obviously erred in its instruction.[3] Therefore, under our deferential plain error review, we affirm. Moreover, we conclude there was sufficient evidence to support the jury's verdict on the second firearm count.

**Multiple § 924(c)(1) Convictions for the Single Possession of a Firearm**

Section 924(c)(1) imposes a mandatory minimum of twenty-five years for a second or subsequent conviction of possession of a firearm in furtherance of

---

[3] Neither party nor the court offered a jury instruction or interrogatory requiring the jury to specifically identify which guns, if any, Campbell possessed.

a drug trafficking crime. *Id.* In *United States v. Phipps*, 319 F.3d 177 (5th Cir. 2003), this court held that under the particular facts of that case,[4] "18 U.S.C. § 924(c)(1) *does not unambiguously authorize . . .* multiple convictions for a single use of a single firearm based on multiple predicate offenses." *Id.* at 180 (emphasis added). In reaching that conclusion, the court was cautious to leave room for the possibility that under a set of facts distinct from those at issue in *Phipps*, the statute might authorize multiple convictions for a single use of a firearm. *See, e.g., id.* at 183 ("*As applied to the facts of this case*, § 924(c)(1) is ambiguous…") (emphasis added); *id.* at 187–88 ("*Because § 924(c)(1) is ambiguous on the facts of this case*, we must…conclude that the statute does not unambiguously authorize multiple convictions for a single use of a single firearm based on multiple predicate offenses.") (emphasis added). Campbell contends that the jury verdict in this case allows for the possible finding that on December 12, 2011, he was in possession of one single firearm in furtherance of his two separate drug trafficking predicate offenses.

Campbell argues that in order for the second firearm conviction to be lawful, the jury needed to find that he possessed two or more guns. However, the jury was not so specifically instructed, and Campbell did not object in this regard to the jury instructions. For the § 924(c)(1) counts at issue, the district court's jury instructions did not require that any particular firearm be possessed in furtherance of a particular predicate drug offense nor did it require that a distinct firearm be possessed for the differing counts. Moreover,

---

[4] In *Phipps*, two defendants carjacked and kidnapped the victim after one of the defendants put a gun to her head. 319 F.3d at 180. Immediately thereafter, the defendants stopped the car to give the firearm to someone else. *Id.* at 180, 188. The defendants argued on appeal that they could be convicted under § 924(c) "only once for the single use of a single firearm." *Id.* at 183. This court determined that § 924(c)(1) was ambiguous and applied the rule of lenity to conclude that the statute did not authorize a second conviction under those particular facts. *Id.*

the instructions explained that proof of possession requires more than mere presence of a firearm at the scene. As such, on these facts, the jury instructions left open the possibility for two § 924(c)(1) convictions based upon the single possession of one firearm.

We conclude that the jury should have been required to decide the question of whether Campbell possessed a second, separate firearm. The logic underlying this court's decision in *Phipps* applies to the facts of this appeal. Utilizing principles of statutory interpretation, this court in *Phipps* decided that the unit of prosecution under § 924(c)(1) is the possession (or use, or carrying) of a firearm in furtherance of a predicate offense. 319 F.3d at 184. Given this unit of prosecution, § 924(c)(1) does not authorize multiple convictions for a single possession of a single firearm. *Id.* at 186. The statute only allows for as many firearm counts as there are possessions of the firearm. *Id.* If the jury only found that Campbell possessed one firearm (i.e. the handgun with the laser pointer) in connection to his marijuana and ecstasy trafficking offenses, that possession would have constituted a singular unit of prosecution under § 924(c)(1). For those reasons, on the facts of this case—namely, the simultaneous presence of multiple guns and some evidence that only one gun was actually possessed by the defendant—the jury should have been instructed that in order to find a second § 924(c)(1) conviction, the defendant must have been found to possess a firearm separate and distinct from the firearm possessed in the first § 924(c)(1) count.

**Plain Error Review**

Even though the question of whether a separate firearm was possessed should have been submitted to the jury, we do not conclude that the error was clear or obvious. Although we have concluded that the *Phipps* logic extends to Campbell's case, the *Phipps* court explicitly limited its holding to the facts of that particular appeal. 319 F.3d at 188 ("Finally, we stress that our holding is

limited by the unusual fact that defendants gave the firearm to Medina immediately after using it."); *id.* at 189 ("*In light of this extraordinary fact*, § 924(c)(1) does not unambiguously authorize multiple convictions for a single use of a single firearm based on multiple predicate offenses."). Therefore, it was not clear or obvious that *Phipps* applied to the facts of Campbell's case.

For that same reason, the district court did not plainly err in not granting a judgment of acquittal for the second firearm count. Indeed, even under our *de novo* review, Campbell's sufficiency challenge would fail. Under our *de novo* standard, we view "the evidence in the light most favorable to the government [and] determine whether any rational jury could conclude from the evidence presented at trial that the government had proven all of the elements of the offense beyond a reasonable doubt." *United States v. Carbajal*, 290 F.3d 277, 289 (5th Cir. 2002). While we have determined that, under these facts, the two separate § 924(c)(1) convictions required a finding that two separate firearms were possessed, we also conclude that a rational jury could have found that the government met its burden beyond a reasonable doubt. There were five firearms present when the search warrant was executed and a reasonable jury could have concluded that Campbell possessed at least two of those guns. In fact, Campbell stated that his fingerprints would be found on two of the weapons. Thus, there was sufficient evidence to support Campbell's second firearm conviction.

## CONCLUSION

Because the district court did not plainly err in instructing the jury and

because there was sufficient evidence to support Campbell's second firearm conviction, we AFFIRM.[5]

---

[5] Campbell also raises claims that the two § 924(c) convictions violate double jeopardy and that the simultaneous possession of different controlled substances amounts to only one drug-trafficking offense such that only one of his § 924(c) convictions is supported by a predicate drug offense. However, Campbell concedes that these two arguments are foreclosed by our precedents in *United States v. Davis*, 656 F.2d 153, 160 (5th Cir. 1981) and *United States v. Privette*, 947 F.2d 1259, 1262 (5th Cir. 1991) respectively. Campbell has raised these issues only to preserve review on appeal.