# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2020

Lyle W. Cayce
Clerk

No. 19-11178
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Keith Freeney,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-664-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

A jury convicted Anthony Keith Freeney of three offenses: (1) possession of firearms by a felon; (2) possession of a controlled substance with intent to distribute; and (3) possession of a firearm in furtherance of a drug-trafficking crime. On each of the first two counts, the district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imposed concurrent 72-month sentences, upwardly varying from the guidelines range of 51 to 63 months. On the remaining count, the district court imposed a mandatory consecutive sentence of 60 months under 18 U.S.C. § 924(c)(1)(A)(i), for a total of 132 months of imprisonment.

Aggrieved, Freeney appeals. He contends that the evidence was insufficient to support the jury's verdict and that the district court erred in admitting audiotapes of his jail telephone calls. Freeney also asserts that the district court's above-guidelines sentence was substantively unreasonable.

First, Freeney asserts that the evidence was insufficient to support the jury's verdict. We review Freeney's sufficiency challenge for plain error because he did not preserve it in the district court. *See United States v. Campbell*, 775 F.3d 664, 668 (5th Cir. 2014). Under this standard, Freeney must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc). If Freeney meets these three requirements, we may correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). Given the "obviousness" requirement of the second prong of the plain-error standard, we reverse only if "the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Id.* at 330–31. (internal quotation marks and citation omitted).

Against the record in this case, Freeney fails to demonstrate either plain error or insufficiency of the evidence. Freeney stipulated that the firearms that he was charged with possessing had previously traveled in interstate commerce. He also stipulated that he had a prior felony conviction and that, on the date he allegedly possessed the firearms in question, he knew he had been previously convicted of a felony offense. The evidence at trial showed that firearms and heroin were found at the residence of Freeney's

mother, within a room agents described as Freeney's bedroom. Freeney had departed the residence shortly before it was searched, and the firearms, heroin, and items consistent with the distribution of narcotics were found near a cell phone associated with Freeney. Additionally, Freeney's jail telephone calls indicated his knowledge of the firearms found at the residence, as well as his possession of the heroin. This evidence was sufficient, under the applicable standard of review, to sustain Freeney's convictions for possession of firearms by a felon and possession of a controlled substance with intent to distribute. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019); *United States v. Huntsberry*, 956 F.3d 270, 279 (5th Cir. 2020); *Delgado*, 672 F.3d at 330–31; *United States v. Sagaribay*, 982 F.2d 906, 912 (5th Cir. 1993).

As for his third count, Freeney contends that the evidence insufficiently linked the firearms to drug trafficking. But the illegally possessed firearms were found loaded, operable, and in close proximity to heroin and other items related to drug distribution. We therefore conclude that the evidence was sufficient, under the applicable standard of review, to sustain Freeney's conviction for possession of a firearm in furtherance of a drug trafficking crime. *See Delgado*, 672 F.3d at 330–31; *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir.), *as amended on denial of reh'g en banc*, 226 F.3d 651 (5th Cir. 2000).

Next, Freeney challenges the authenticity of the audiotapes of his jail telephone calls. However, Freeney waived his authentication challenge by failing to object on this basis in the district court. *See United States v. Monkey*, 725 F.2d 1007, 1011 n.4 (5th Cir. 1984). Alternatively, Freeney has not shown plain error regarding the authentication issue. *See United States v. Barlow*, 568 F.3d 215, 219–20 (5th Cir. 2009).

No. 19-11178

Freeney also asserts that the audiotapes' admission into evidence violated the Confrontation Clause, the audiotapes were substantially more prejudicial than probative under Federal Rule of Evidence 403, and they constituted hearsay under Federal Rule of Evidence 802. But we decline to address these evidentiary issues because Freeney first raised them in his reply brief. *See United States v. Anderson*, 5 F.3d 795, 801 (5th Cir. 1993).

Finally, Freeney contends that his 72-month sentence is substantively unreasonable. Freeney asserts that the district court failed properly to balance the sentencing factors of 18 U.S.C. § 3553(a) and instead overemphasized his criminal history and risk of violence. We review the substantive reasonableness of above-guidelines sentences for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Considering the totality of the circumstances and giving appropriate deference to the district court's consideration of the § 3553(a) factors, we cannot conclude that the district court abused its discretion in imposing Freeney's sentence. *See United States v. Fraga*, 704 F.3d 432, 439–41 (5th Cir. 2013). We have upheld significantly greater variances. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding a 216-month sentence where the upper limit of the guidelines range was 57 months); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (affirming a 120-month sentence where the maximum under the guidelines range was 41 months).

AFFIRMED.