# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2020

Lyle W. Cayce
Clerk

No. 19-40655
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Geovani Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1352-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Geovani Hernandez was convicted by a jury of two counts of attempting to aid or abet the possession with intent to distribute cocaine. He was sentenced to concurrent terms of 240 months of imprisonment and five years of supervised release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

First, Hernandez argues that the evidence is insufficient to support the jury's verdict that he was guilty of attempting to aid or abet possession with intent to distribute a controlled substance. He asserts that the evidence does not show that he had actual or constructive possession of controlled substances.

Because Hernandez did not preserve this issue by renewing his motion for a judgment of acquittal at the close of the evidence, we review his sufficiency-of-the-evidence claim for plain error. *See United States v. Campbell*, 775 F.3d 664, 668 (5th Cir. 2014). We will reverse only if there is a manifest miscarriage of justice. *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc). An unpreserved insufficiency claim must be rejected "unless the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Id.* at 330-31 (internal quotation marks and citation omitted).

A conviction for possession with the intent to distribute a controlled substance requires "1) knowledge, 2) possession, and 3) intent to distribute the controlled substances." *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002) (internal quotation marks and citation omitted). "To establish aiding and abetting under 18 U.S.C. § 2, the government must show that the defendant (1) associated with a criminal venture, (2) participated in the venture, and (3) sought by action to make the venture successful." *United States v. Ramirez-Velasquez*, 322 F.3d 868, 880 (5th Cir. 2003). To prove an "attempt" to aid and abet the possession with intent to distribute a controlled substance, the prosecution must prove "(1) that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and (2) that the defendant had engaged in conduct which constitutes a substantial step toward commission of a crime." *United States v. Partida*, 385 F.3d 546, 560 (5th Cir. 2004).

No. 19-40655

Hernandez, a sergeant with the City of Progreso Police Department in Texas, made an agreement with Hector Saucedo-Rodriguez (Saucedo), a confidential informant working undercover with federal law enforcement, to act as a scout for vehicles carrying drugs moving through Progreso in exchange for money. Hernandez accepted payment from Saucedo after performing those scout duties on July 15 and July 31, 2017. Hernandez, with Saucedo riding with him as a passenger, drove up and down the route used by the undercover vehicles carrying the loads of cocaine, while Saucedo was in contact with the driver of the load vehicles giving the all clear. On the first date Hernandez used his private vehicle, but on the second date, Hernandez used his marked patrol car to scout the area to clear a safe passage for the load vehicle. A rational jury could find that Hernandez provided protection for the drug loads, which conduct is the kind of supporting action that proves his participation in the criminal endeavor. His actions in meeting with Saucedo to discuss the drug loads, acting as a scout, and accepting payment, demonstrate criminal intent consistent with the intent to attempt to aid and abet the cocaine possession, and his conduct amounted to substantial steps beyond mere preparation toward completion of the crime. *See Partida*, 385 F.3d at 560-61; *United States v. Cartlidge*, 808 F.2d 1064, 1068-69 (5th Cir. 1987).

According to Hernandez, there was no evidence that he actually possessed or constructively possessed a controlled substance. However, aiding and abetting the possession of a controlled substance with the intent to distribute does not require the Government to prove actual or constructive possession. *United States v. Scott*, 892 F.3d 791, 799 (5th Cir. 2018). "Aiding and abetting merely requires that the defendant's association and participation in a venture were calculated to bring about the venture's success." *Id*. The Government was not required to prove that Hernandez possessed or attempted to possess the cocaine. *See id*.

To the extent that Hernandez suggests the jury charge required the Government to prove that he had actual or constructive possession, "[s]ufficiency is measured against the *actual* elements of the offense, not the elements stated in the jury instructions." *United States v. Staggers*, 961 F.3d 745, 756 (5th Cir. 2020).

Last, Hernandez argues that his trial counsel rendered ineffective assistance by failing to renew the motion for a judgment of acquittal at the close of all the evidence to preserve his claim of insufficient evidence. We generally will not consider the merits of an ineffective assistance of counsel claim on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We decline to consider Hernandez's ineffective assistance claim at this time, without prejudice to collateral review. *See id.*

AFFIRMED.